a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTONIO JERMOND WASHINGTON #406859, Petitioner | CIVIL DOCKET NO. 5:23-CV-00426 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOHNNY HEDGEMON, *ET AL.*, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 6) filed by pro se Petitioner Antonio Jermond Washington ("Washington"). Washington is an inmate at the River Bend Detention Center in Lake Providence, Louisiana. Washington challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Washington's Petition (ECF No. 6) is untimely, it should be DENIED and DISMISSED with prejudice.

I.    Background

Washington pleaded guilty to carjacking on April 26, 2005. He was sentenced to 20 years of imprisonment. ECF No. 6-1 at 3. Washington did not appeal.

On November 28, 2022, Washington filed a Motion to Vacate, which the trial court construed as an Application for Post-Conviction Relief. ECF No. 6-1 at 6. The

motion was denied as untimely. *Id.* Washington does not indicate that he sought

review of the ruling.

On January 23, 2023, Washington filed a Motion for Out of Time Appeal, which

was also denied. *Id.* Again, there is no indication that Washington sought review in

the appellate court.

## II.    Law and Analysis

### A.    Washington's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an

examination of the pleadings by a court, "'[i]f it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court, the judge shall make an order for its summary dismissal and cause

the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)

(quoting the Rules Governing § 2254 Cases).

### B.    Washington's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-

year statute of limitations for filing applications for writs of habeas corpus by persons

in custody pursuant to the judgment of a state court. The limitations period generally

runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §

2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte.

*See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Washington did not appeal, so his conviction became final when the time for seeking review expired—30 days after the sentence was imposed. *See* La. C. Cr. P. art. 914. Thus, the federal limitations period commenced on May 26, 2005. *See* 28 U.S.C. § 2244(d)(1)(A). Washington had one year from that date within which to file a § 2254 Petition. Because Washington's § 2254 Petition was not filed until March 31, 2023, it is prescribed.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the application for post-conviction relief is filed is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). Washington's application was not filed until 2022, well after the one-year limitations period had expired. ECF No. 6-1 at 6. And because the application was untimely under Louisiana law, it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Therefore, statutory tolling is inapplicable.

## C.     Washington is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Washington does not allege that he was misled by the State or otherwise prevented from timely appealing or seeking post-conviction relief. Washington waited approximately 17 years before challenging his sentence. Therefore, he cannot show diligent pursuit of his rights.

### III.   Conclusion

Because Washington's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, June 27, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE